United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jimmy Gonzales Membache, <br> Movant, <br><br> v. <br><br> United States of America, <br> Respondent. | ) <br> ) <br> ) <br> ) Civil Action No. 24-21255-Scola <br> ) Crim. Action No. 18-20440-Scola <br> ) <br> ) |

## Order

Before the Court is *pro se* Movant Jimmy Gonzales Membache's motion under 28 U.S.C. § 2255 (ECF No. 1). The motion raises only one ground for relief: that Movant's guilty plea was not knowing and voluntary because the Government breached the plea agreement. (*See* Mot. at 4). In certain circumstances, a court may summarily dismiss a § 2255 motion "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (alterations accepted). After carefully reviewing Movant's written submission, the record, and applicable law, the Court finds that the Motion must be summarily dismissed as time-barred or, in the alternative, denied on the merits.

## 1. Background

A grand jury indicted the Movant, along with two other co-defendants, with one count of conspiracy to possess with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b) (Count 1); and one count of possession with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a) (Count 2). (*See* Indictment, CR ECF No. 1 at 1–2).[1] Pursuant to a plea agreement, the Movant, on September 18,

---

[1] References to docket entries in the Movant's criminal case, case number 18-cr-20440-Scola, are denoted with "CR ECF No."

2018, pleaded guilty to Count 1 of the indictment in exchange for the dismissal of Count 2. (*See* Plea Agreement CR ECF No. 23 at 1). Movant also agreed to "cooperate fully" with the Government in the hopes of receiving a reduced sentence, but the plea agreement explicitly warned Movant that neither the Government nor the Court was obligated to reduce Movant's sentence. (*See id.* at 5–6). The Court adjudicated Movant guilty on December 18, 2018, and sentenced him to 210 months followed by a five-year term of supervised release. (*See* Judgment CR ECF No. 52 at 1–2). The Movant did not file a direct appeal.

## 2. Legal Standard

Under 28 U.S.C. § 2255(f), a movant must file their § 2255 motion within a one-year period that runs "from the latest of" the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (citation omitted). As relevant, a criminal defendant has fourteen days to file a notice of appeal after "the entry of either the judgment or the order being appealed[.]" Fed. R. App. P. 4(b)(1)(A).

**3. Discussion**

A § 2255 motion is timely if it is filed within one year of the movant's conviction becoming final. *See* 28 U.S.C. § 2255(f)(1). Where, as here, a defendant "does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Since the Court entered Movant's judgment on December 18, 2018, the conviction normally would have become final fourteen days later on January 1, 2019. *See* Fed. R. App. P. 4(b)(1)(A); *Borgesano v. United States*, 2021 WL 2879696, at *2 (11th Cir. July 9, 2021). However, since January 1, 2019, was a federal holiday (New Year's Day), Movant's conviction became final the next day—January 2, 2019. *See* Fed. R. Civ. P. 6(a)(1)(B). Movant did not file the instant Motion within one year of his conviction becoming final on January 2, 2019, so it is plainly untimely under § 2255(f)(1).

Movant appears to concede that the Motion is untimely under § 2255(f)(1). Instead, he argues that the Motion "is timely under 28 U.S.C. § 2255(f)(2)" because the Government failed to "file [a] Fed. R. Crim. P. 35 motion on his behalf, as promised[.]" Mot. at 11. Section 2255(f)(2) applies only when the Government creates "an unconstitutional impediment" that prevents a movant "from accessing the court system by timely filing a § 2255 motion." *Williams v. United States*, 360 F. App'x 34, 36 (11th Cir. 2010) (citing *Akins*, 204 F.3d at 1090). The Government's decision to file (or not file) a Rule 35 motion had no effect on Movant's ability to access the courts or to file a timely § 2255 motion, so § 2255(f)(2)'s limitations period also does not apply. *See Akins*, 204 F.3d at 1090 (holding that the movant must show the Government "prevented him from exercising that fundamental right of access to the courts in order to attack his sentence").

Moreover, even if § 2255(f)(2) (or any other alternative limitations period) applied, Movant is not entitled to relief because the Government did not breach the plea agreement and did nothing illegal. Although Movant's plea agreement

required Movant to cooperate with the Government, it did not oblige the Government to seek a reduced sentence even if Movant successfully cooperated. (*See* Plea Agreement CR ECF No. 23 at 4–5). The relevant portion of the agreement is as follows:

> This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K 1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

(*Id.* at 5 (emphases added)).

As this language makes plain, the Government never under an obligation to file a Rule 35 motion and Movant readily agreed to those terms. *See United States v. McNeese*, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)) (explaining that the Government has "a power, not a duty" to file a Rule 35 motion as it sees fit). Since the Government did not breach the plea agreement, Movant's guilty plea is valid and there is no basis for relief under § 2255. *See United States v. Nance*, 426 F. App'x 801, 802–03 (11th Cir. 2011) (holding that the Government's refusal to file a Rule 35 motion did not breach "the express terms of the plea agreement"); *Valentine v. United States*, 2019 WL 3717971, at *6 (M.D. Fla. Aug. 7, 2019) (denying § 2255 motion on same grounds).

## 4. Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id.* Consequently, a certificate of appealability is denied.

## 5. Conclusion

For the foregoing reasons, Movant Jimmy Gonzales Membache's motion under 28 U.S.C. § 2255, (ECF No. 1), is **dismissed** as time-barred. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, **the Movant is not entitled to appeal *in forma pauperis***. The Clerk is directed to **deny** any and all pending motions as moot and **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on April 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Jimmy Gonzales Membache
56133-018
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194
PRO SE